FILED 11 AUG '11 14:41 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

GERALD R. ROGERS,

        Petitioner,               Civil No. 10-1179-TC

        v.                              FINDINGS AND
                                        RECOMMENDATION
UNITED STATES PAROLE
COMMISSION, et al.,

        Respondents.

COFFIN, Magistrate Judge.

    Plaintiff[1], an inmate in the custody of the United States Bureau of Prisons housed at FPC Sheridan filed a complaint

---

[1] Plaintiff is a vexatious litigant. See, Rogers v. U.S. Parole Commission, 113 Fed.Appx 290, 2004 WL 2668419 (9th Cir. Nov. 22, 2004); Rogers v. Takasugi, 1996 WL 654428 at 1 (9th Cir. Nov. 1996). The United States Supreme Court has stated that plaintiff has repeatedly abused the Court's process. Rogers v. Schapiro, 130 S. Ct 3400 (2010). In addition, plaintiff has filed bogus liens against the property of federal judges and prosecutors. Finesilver v. Fitzgerals, 132 F.3d 42 (10th Cir. 1997). See also, synopsis of plaintiff's litigation since 1996, Defendants' Memorandum in Support of Motion to Dismiss (#36) p. 13-14.

1 - FINDINGS AND RECOMMENDATION

alleging that the United States Parole Commission violated the Administrative procedure Act, 5 U.S.C. § 701 et seq. Plaintiff also alleges that Parole Commissioners violated his constitutional rights under <u>Bivens v. Six Unknown Federal Narcotics Agents.</u> Third Amended Complaint (#23).

Defendants now move to dismiss (#31) and (#35).

The factual background giving rise to plaintiff's incarceration and various parole revocation proceedings is set forth in Defendant U.S. Parole Commission's Memo in Support of Motion to Dismiss (#32) p. 2 - 4 and the Declaration of Elizabeth Thomas (#33) and exhibits thereto. It is not necessary to repeat that procedural history herein, except as specifically set forth below.

<u>Defendant U.S. Parole Commission's Motion to Dismiss (#31):</u>

Defendant U.S. Parole Commission moves to dismiss plaintiff's claims against it on the ground that this court lacks jurisdiction to review a decision by the Commission to revoke a prisoner's parole, 18 U.S.C. § 4218(d), and because plaintiff's constitutional claim is barred by *res judicata.*

Plaintiff alleges that the Parole Commission exceeded its statutory authority under the APA and, in so doing, violated plaintiff's due process rights to confront his accusers.

The Parole Commission's enabling statute provides:

> Actions of the Commission pursuant to paragraphs (1), (2), and (3) of section 4203(b) shall be considered actions committed to agency discretion for purposes of section 701(a)(2) of Title 5, United States Code.

2 - FINDINGS AND RECOMMENDATION

18 U.S.C. § 4218(d).

Section 4203(b)(1-3) grants the Commission the authority to grant, deny, modify, or revoke a prisoner's parole.

Where an agency action is committed by statute to agency discretion, a court has no jurisdiction to review for abuse of discretion the informed judgments of administrative officials. Wallace v. Christensen, 802 F.2d 1539, 1543 (9th Cir. 1986).

This court has no jurisdiction under the APA to review the actions of the Commission in revoking plaintiff's parole, because that action is specifically committed to the Commission's discretion.

A court does have jurisdiction to consider whether the Commission violated the Constitution. Id. at 1552. However, plaintiff already raised the claim that his due process rights were violated at his revocation hearing because he was denied his right to confront his accusers, in another action under 28 U.S.C. § 2241. Rogers v. United Stats Parole Commission, 2008 WL 2740476 (5th Cir. July 15, 2008). The court in that case found that the Commission did not violate plaintiff's due process rights. Id.

The principle of *res judicata* precludes plaintiff from re-litigating that same issue in another court because it was the same constitutional claim, against the same party, and the claim proceeded to final judgment on the merits. Semtek International Inc. V. Lockheed Martin Corp., 531 U.S. 497, 502 (2001); United States v. Liquidators of European Federal

3 - FINDINGS AND RECOMMENDATION

Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011); Adam Bros. Farming, Inc. V. County of Santa Barbara, 604 F.3d 1142, 1148-49 (9th Cir. 2010). Thus, plaintiff is barred by *res judicata* from re-litigating his claim that the Commission violated his constitutional due process rights.

Plaintiff's argument that the Parole Commission has no authority to govern his sentence is incorrect because his crimes occurred prior to November 1, 1987.

The Sentencing Reform Act of 1984 became effective on November 1, 1987, when it repealed and replaced the Parole Commission and Reorganization Act of 1976. 18 U.S.C.§§ 3551 - 59, 3561-66, 3571-74, 3581-86, 28 U.S.C. §§ 991-98; Bledsoe v. United States, 384 F.3d 1232, 1233 (10th Cir. 2004). Under the Sentencing Reform Act, prisoners were to serve uniform sentences under the sentencing guidelines, parole was to be abolished, and the Parole Commission was to be phased out. Id. The Parole Commission continues to have authority over prisoners who committed offenses before November 1, 1987. Benny v. U.S. Parole Commission, 295 F.3d 977, 981 n. 2 (9th Cir. 2002); Mitchell v. U.S. Parole Commission, 538 F.3d 948, 950 (8th Cir. 2008).

The Judgment in plaintiff's criminal case indicates that the case was filed in 1984. Declaration of Elizabeth Thomas (#33), Exhibit B. Since plaintiff was charged with crimes that occurred prior to November 1, 1986, the Parole Commission has authority over his sentence.

4 - FINDINGS AND RECOMMENDATION

Defendant U.S. Parole Commission's Motion to Dismiss (#31) should be allowed.

Defendant's Motion to Dismiss (#35):

Defendants Fullwood, Mitchell and Cushwa move to dismiss plaintiff's claims against them on various grounds. Plaintiff alleges that the moving defendants violated the APA. However, a claim under the APA can only be brought against the United States, the federal agency that took the action, or the appropriate officer of the agency. The action cannot be brought against an individual. 5 U.S.C. § 703.

In this case, plaintiff names Issac Fullwood, Cranston Mitchell and Patricia Cushwa as defendants "in their individual capacities." Complaint (#23) p. 1. Therefore, plaintiff's APA claim against the individual defendants should be dismissed for lack of jurisdiction and failure to state a claim. Moreover, plaintiff's APA claim fails on the merits for the reasons discussed above.

Plaintiff also alleges that defendants violated his Fifth Amendment due process rights under *Bivens* "with their 'good cause finding' that the exculpatory witnesses 'could provide no information that would be used against Rogers'" (sic) and "dismiss[ing] plaintiff's exculpatory witnesses." Third Amended Complaint (#23) p. 4-5.

As discussed above, *res judicata* bars a party from re-litigating the same issue in a second lawsuit involving the same parties or their privies. Plaintiff has previously

litigated his exculpatory witness claim in <u>Rogers v. United States Parole Commission</u>, 288 Fed. Appx. 132, 2008 WL 2740476 (5th Cir. July 15, 2008).

Because the lack of jurisdiction and *res judicata* issues are so clearly dispositive, it is not necessary to discuss the other issues raised in defendants' motion.

Defendant Fullwood, Mitchell and Cushwa's Motion to Dismiss (#35) should be allowed.

Plaintiff's motions (#30), (#37), (#38), (#47) and (#49) should be denied as moot. This action should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 11 day of August, 2011.

                                                        */s/ Thomas M. Coffin*
                                                        Thomas M. Coffin
                                                        United States Magistrate Judge